UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Karley Graham, on behalf of herself and all other similarly situated individuals,<br><br>                              Plaintiff,<br><br>           vs.<br><br>ALDI, Inc.,<br><br>                              Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Karley Graham (referred herein as "Plaintiff"), by and through her undersigned counsel, upon personal knowledge as to herself and upon information and belief as to all other matters, allege as follows:

1. Plaintiff brings this action against defendant ALDI, Inc. (referred to herein as "ALDI" or "Defendant"), on behalf of herself and all other similarly situated individuals who purchased Carlini Pure Vegetable Oil (the "Product").

2. Carlini is a private label brand owned by ALDI.

### FACTUAL ALLEGATIONS

3. This is a class action against ALDI for falsely representing Carlini Pure Vegetable Oil as containing cucumber, broccoli, and carrot oil, when the Product contains 100% soybean oil.

1

4. Specifically, Carlini Pure Vegetable Oil is displayed to consumers as follows:



5. However, the Product is 100% soybean oil and does not contain any cucumber, broccoli, and/or carrot oil.

6. ALDI conceals the fact that the Product contains 100% soybean oil at the bottom of the label on the side of the Product in small, camouflaged print as follows:



7.      ALDI is deceiving consumers by stating and implying on the front of the Product packaging that the Product primarily contains a combination of cucumber, broccoli, and carrot oil.

8.      In addition, ALDI's is unfairly competing against competitors. Most of the competing products for oil do not mislead consumers as to the content contained therein. Competing products either list no picture at all or prominently and explicitly state the vegetable, bean, seed, and/or plant that the oil is made from.

9.      With respect to competing soybean oil products that do display a photograph on the front label, the photograph is of a food product that soybean oil is commonly used as an ingredient

3

in, such as a salad or fried chicken, and do not mislead consumers into believing that the oil is made from the food product pictured on the label.

10.     Other competing soybean oil products correctly list on the front of the product label that the product contains soybean oil and/or displays pictures of soybeans.

11.     For example, Giant Food's competing soybean oil product is fairly displayed to consumers as follows:



4

**PLAINTIFF'S INDIVIDUAL ALLEGATIONS**

12. In, or around, the summer of 2023, Plaintiff, a resident of Maryland, purchased a container of Carlini Pure Vegetable Oil from an ALDI store located in Maryland for approximately $3.50. Plaintiff purchased the Product because she believed that it was oil extracted from cucumbers, carrots, and broccoli as stated and implied on the front label of the Product packaging.

13. After using most of the product, Plaintiff's infant baby became sick due to soy allergies and Plaintiff learned from her husband that many "vegetable oils" contained soy. As a result of discovering said information from her husband, Plaintiff inspected the Carlini Pure Vegetable Oil that she purchased very closely and discovered that the product contained 100% soybean oil.

14. Plaintiff was angry and disappointed that Product was so grossly misleading.

15. If Plaintiff knew that the Product contained 100% soybean oil, she would not have purchased the Product.

16. In an attempt to resolve her claims with ALDI pre-lawsuit, Plaintiff, through her counsel, sent a demand letter to ALDI in an attempt to cause ALDI to change its product labeling so that future customers know the type of oil that is primarily contained in the product, but her attempts to cause change without filing a lawsuit have been unsuccessful.

**THE PARTIES**

17. Plaintiff Karley Graham is an individual consumer over the age of eighteen (18), who resides in the state of Maryland.

18. Defendant ALDI Inc. is an Illinois corporation headquartered in Batavia, Illinois.

19. ALDI is "one of the biggest and best-known retailers worldwide[,]" with over 2,338 stores the United States alone.[1] ALDI claims its "business model is simple: great quality at the best price, fair and honest product offers…."[2]

20. ALDI, at all times material hereto, was conducting business in Maryland, maintained agents for the customary transaction of business in Maryland, and conducted substantial and not isolated business activity within this state.

21. The advertising and labeling for the Product at issue in this case were prepared and/or approved by ALDI and its agents, and were disseminated by ALDI and its agents through advertising and labeling containing the misrepresentations alleged herein.

22. The pictures on the Product's packaging were designed to encourage consumers to purchase the Product and reasonably misled reasonable consumers, including Plaintiff and the members of the classes into purchasing the Product. ALDI markets and distributes the Product, and is the company that created and/or authorized the misleading advertising and images for the Product.

23. Plaintiff alleges that, at all times relevant herein, ALDI and its subsidiaries, affiliates, and other related entities and suppliers, as well as their respective employees, were the agents, servants and employees of ALDI and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

24. Whenever reference in this Class Action Complaint is made to any act by ALDI or its subsidiaries, affiliates, distributors, retailers and other related entities and suppliers, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents,

---

[1] https://sustainability.aldisouthgroup.com/about-aldi/national-markets.
[2] https://corporate.aldi.us/fileadmin/fm-dam/Corporate_Responsibility/CR_Updates/CR_Principles.pdf.

and/or representatives of ALDI committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of ALDI while actively engaged in the scope of their duties.

## JURISDICTION AND VENUE

25. This Court has original diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of the state of Maryland and Defendant is a citizen of the state of Illinois and is headquartered with its principal place of business in the state of Illinois. The matter in controversy, which includes the purchase price for all sales of the Product in the Unites States during the past three years, exceeds the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which the number of members of the proposed class is not less than 100.

26. This Court also has diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and certain members of the proposed class are citizens of states different from the state in which Defendant is a citizen.

27. Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Also, Defendant has used the laws within, and has done substantial business in, this judicial district in that it has promoted, marketed, distributed, and sold the products at issue in this judicial district. Finally, there is personal jurisdiction over Defendant in this judicial district.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks certification of

the following Nationwide Class against Defendant for beach of implied warranty of merchantability:

> All consumers who purchased the Product in the United States, as detailed herein, within the statute of limitations period, including any tolling period (the "Nationwide Class"). Excluded from the Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

29. Plaintiff also brings this action on behalf of herself and all other similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks certification of the following sub-class against Defendant for violations of the Maryland Consumer Protection Act:

> All consumers who purchased the Product in the State of Maryland, as detailed herein, within the statute of limitations period, including any tolling period (the "Maryland Class"). Excluded from the Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

30. Plaintiff reserves the right to amend the definition of the Nationwide Class or the Maryland Class if discovery and further investigation reveals that the classes should be expanded or otherwise modified.

31. Plaintiff reserves the right to establish sub-classes as appropriate.

32. There is a well-defined community of interest among members of the Nationwide Class and the Maryland Class, and the disposition of the claims of these members in a single action will provide substantial benefits to all parties and to the Court.

33. The members of the Nationwide Class or the Maryland Class are so numerous that joinder of all members of the Class is impracticable. At this time, Plaintiff believes that said classes includes thousands of members. Therefore, the Nationwide Class or the Maryland Class is

sufficiently numerous that joinder of all members in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(l), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

34. Plaintiff's claims are typical of the claims of the members of the classes whom she seeks to represent because Plaintiff and each member of the Nationwide Class and the Maryland Class have been subjected to the same deceptive and improper practices by Defendant and have been damaged in the same manner.

35. Plaintiff will fairly and adequately represent and protect the interests of the members of the Nationwide Class and the Maryland Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff has no interests that are adverse to those of the members of the classes that she seeks to represent. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel that is competent and experienced in handling complex class action litigation on behalf of consumers.

36. A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this Complaint under Federal Rule of Civil Procedure 23(b)(3) because:

    a. The expense and burden of individual litigation would not be economically feasible for members of the classes to seek to redress their claims other than through the procedure of a class action.

    b. If separate actions were brought by individual members of the classes, the resulting multiplicity of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and

  c. Absent a class action, Defendant likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

37. Common questions of law and fact exist as to the members of the Nationwide Class and the Maryland Class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions that affect individual members of the classes within the meaning of Federal Rule of Civil Procedure 23(b)(3).

38. The common questions of fact include, but are not limited to, the following:

  a. Whether the Product label would mislead a reasonable consumer;

  b. Whether the Product label violates the Maryland Consumer Protection Act;

  c. Whether the Product label constitutes a breach of implied warranty of merchantability;

  d. Whether Plaintiff and members of the Class are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

39. Plaintiff is not aware of any difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

**<u>COUNT I</u>**
**Violations of the Maryland Consumer Protection Act**
**(Md. Code Com. Law Section 13-101, *et seq.*)**
**(On Behalf of the Maryland Class)**

40. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

41. Plaintiff brings this claim on behalf of herself, and the members of the proposed Maryland Class.

42. Plaintiff brings this claim pursuant to the Maryland Consumer Protection Act, Md. Code Com. Law §13-101, et seq. ("MCPA").

43. ALDI, Plaintiff, and the members of the Maryland Class are "persons" within the meaning of Md. Code Com. Law §13-101(h).

44. The MCPA provides that a person may not engage in any unfair or deceptive trade practice in the sale of any consumer good. Md. Code Com. Law §13-303.

45. ALDI participated in misleading, false, or deceptive acts that violated the MCPA.

46. Defendant's unfair and deceptive practices are likely to mislead— and have misled—reasonable consumers, such as Plaintiffs and members of the Class.

47. Defendant has violated the MCPA by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

48. Specifically, Defendant marketed and advertised the Product in a deceptive, false and misleading manner by stating and implying on the front of the Product packaging that the Product prominently contains a combination of cucumber, broccoli, and carrot oil when the Product is 100% soybean oil.

49. Defendant, directly or through its agents and employees, made false representations, concealments, and nondisclosures to Plaintiff and members of the Maryland Class.

50. ALDI's actions as set forth above occurred in the conduct of trade or commerce.

51. Plaintiff and numerous other customers purchased the Product based on Defendant's false and misleading representations.

52. Plaintiff and numerous other customers purchased the Product after viewing and relying on the Product's packaging.

53. Plaintiff and the members of the Maryland Class have been aggrieved by Defendant's unfair and deceptive practices in violation of MCPA, in that they purchased the

Product with the reasonable expectation that the Product would primarily contain a combination of cucumber, broccoli, and carrot oil.

54. Reasonable consumers rely on Defendant to honestly market and label the Product in a way that does not deceive reasonable consumers.

55. Defendant has deceived reasonable consumers, like Plaintiff and the members of the Maryland Class, into believing the Product was something that it was not.

56. ALDI knew or should have known that its conduct violated the MCPA.

57. Plaintiff and the members of the classes suffered damages as the Product was worthless to them.

58. In addition, Plaintiff and the members of the Maryland Class suffered damages as they did not receive the benefit of their bargain.

59. The value of the Product received was less than the value of the Product as advertised and what they expected to receive.

60. The damages suffered by Plaintiff and the members of the Maryland Class were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendant.

61. Pursuant to Md. Code Com. Law §13-408, Plaintiff and the members of the Maryland Class seek actual damages, attorneys' fees, and any other just and proper relief available under the MCPA.

## COUNT II
### Breach of Implied Warranty of Merchantability
### (On Behalf of the Nationwide Class and the Maryland Class)

62. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

63.     Plaintiff brings this claim on behalf of herself, and the members of the proposed Class.

64.     A warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

65.     A product is considered merchantable if it is of reasonable quality, fit for its intended purpose, and meets any claims made on the packaging or label.

66.     ALDI is a merchant with respect to the Product which it sold to Plaintiff and the member of the Nationwide Class and Maryland Class.

67.     The goods that ALDI provided to Plaintiff and the members of the classes were unmerchantable at the time they were sold. Specifically, the Product was not the pure cucumber, broccoli, and carrot oil that was advertised, rendering it not fit for ordinary use, not able to pass without objection, not of fair average quality, and not conforming with promises and affirmations made.

68.     ALDI's failure to provide merchantable pure cucumber, broccoli, and carrot oil was a breach of the implied warranty of merchantability, and Plaintiff and the members of the classes were damaged in an amount to be proven at trial.

## **RELIEF REQUESTED**

69.     Accordingly, Plaintiff, on behalf of herself and the members of the Class, seek judgment as follows:

1.      Certifying the proposed classes as requested herein, certifying Plaintiff as the representative of the classes, and appointing Plaintiff's counsel as counsel for the classes;

2.      Awarding Plaintiff and the members of the classes compensatory damages in an amount according to proof at trial;

3.      Awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

4.      Directing such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the proposed classes demand a trial by jury as to all matters so triable.

Dated: September 30, 2024

/s/ *Amanda Fox*
Amanda Fox, Esq.
**FOX MCKENNA, PLLC**
14 Ridge Square NW
Third Floor
Washington, DC 20016
T: 202-852-2000
E: 202-915-0244

Anthony Russo, Esq.*
**THE RUSSO FIRM**
1001 Yamato Road, Suite 106
Boca Raton, FL 33431
T: 844-847-8300
E: anthony@therussofirm.com

James C. Kelly, Esq.*
**THE RUSSO FIRM**
244 5th Avenue, Suite K-278
New York, NY 10001
T: 212-920-5042
E: jkelly@therussofirm.com

*Subject to admission *pro hac vice*

*Counsel for plaintiff
and the proposed classes*